# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No. 3:11-CV-00106-RJC-DSC

| | |
|---|---|
| WAYNE E. TALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Commissioner of Social Security Michael J. Astrue's ("Commissioner") Consent Motion for Reversal and Remand. (Doc. No. 13). Plaintiff Wayne E. Talley ("Plaintiff") joins in the motion. (Id. at 2). The parties move this Court, pursuant to sentence four of 42 U.S.C. section 405(g), to enter a judgment reversing the Commissioner's decision and remanding the cause for further administrative proceedings. The fourth sentence of 42 U.S.C. § 405 states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Upon remand, the administrative law judge ("ALJ") is hereby instructed to: 1) consider the evidence pertaining to Plaintiff's visual impairment, intellectual impairment, shoulder impairment/neuropathy, and obesity, including the evidence previously submitted to the Appeals Council, and determine if these conditions are severe impairments; 2) further consider the opinion of the State Agency medical consultant, Pamela Jessup, M.D., and explain the weight afforded to each aspect of her opinion; 3) evaluate the report of Morris F. Britt, Ed.D., located at

Exhibit 22F of the administrative transcript; and, 4) reassess Plaintiff's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of the assessed limitations. (Doc. No. 13 at 1-2).

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision in Social Security actions under sentence four of 42 U.S.C. section 405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision and **REMANDS** the cause to the Commissioner for further proceedings. See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The Clerk of the Court shall enter a separate judgment pursuant to Federal Rule of Civil Procedure 58. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from the entry of final judgment in which to file any motion for attorney's fees under the EAJA in this matter.

Signed: October 24, 2011

Robert J. Conrad, Jr.
Chief United States District Judge